No. 16-3371

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |
|---|---|
| COAL POWER CORPORATION, ) | |
| ) | **FILED** |
| Petitioner, ) | Aug 12, 2016 |
| v. ) | DEBORAH S. HUNT, Clerk |
| ) | O R D E R |
| CHRISTINE COMBS, o/b/o and widow of Ronald ) | |
| Lee Combs; DIRECTOR, OFFICE OF ) | |
| WORKERS' COMPENSATION PROGRAMS, ) | |
| ) | |
| Respondents. ) | |
| ) | |

Before: SUHRHEINRICH, DAUGHTREY, and ROGERS, Circuit Judges.

Employer Coal Power Corporation petitions for review of an order of the Benefits Review Board affirming an administrative law judge's decision that the widow of Ronald Lee Comb is entitled to Black Lung Benefits. Upon initial review, it appeared that the petition was untimely. The clerk ordered Coal Power to show cause why its petition should not be dismissed as late. Coal Power responds.

A petition for review of a Black Lung Benefits award must be received by the appropriate United States Court of Appeals within sixty days of the date stamped on the front of the Board's decision. *See* 33 U.S.C. 921(c); *Peabody Coal Co. v. Abner*, 118 F.3d 1106, 1108 (6th Cir. 1997). In this case, the date stamped on the front of the Board's decision is February 10, 2016. Therefore, Coal Power had until April 11, 2016, in which to file its petition for review. Its

petition for review was received by this court on April 14, 2016, three days after the sixty-day time period expired.

Coal Power claims that on April 11, 2016, it tried to electronically file a petition for review "but was unable to do so due to technical computer issues," and that it relied on misleading advice given by clerk's office personnel. Under what was known as the "unique circumstances" doctrine, mistaken district court rulings or orders could excuse an untimely appeal. However, the Supreme Court has abrogated that doctrine. Because courts have "no authority to create equitable exceptions to jurisdictional requirements, use of the 'unique circumstances' doctrine is illegitimate." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). "The wisdom of *Bowles* is confirmed . . . by the mischief that would be spawned by excusing untimeliness on the basis of law clerk statements." *In re Am. Safety Indem. Co.*, 502 F.3d 70, 73 (2d Cir. 2007). "Litigants should not seek legal advice from judges or judicial staff, and in any case, attorneys should know better than to rely on such advice." *Id*.

Nor is it necessary to determine the truth of Coal Power's allegation that it received misleading information. Prior to *Bowles*, the majority of circuits, including the Sixth, held that the unique circumstances doctrine applied only to official judicial assurances and not to "poor advice from a court clerk." *Lawrence v. Int'l Broth. Of Teamsters*, 320 F.3d 590, 594 (6th Cir. 2003). "Whether or not there was misleading advice and whether or not it came from [court personnel], it cannot extend the deadline for filing the petition for review." *Sonicraft, Inc. v. NLRB*, 814 F.2d 385, 387 (7th Cir. 1987).

Additionally, Coal Power's reliance on 20 C.F.R. § 802.221 and Federal Rule of Appellate Procedure 26 is misplaced. "Review of an agency order is commenced by filing, within the time prescribed by law, a petition for review with the clerk of a court of appeals

authorized to review the agency order." Fed. R. App. P. 15(a)(1). "Filing may be accomplished by mail addressed to the clerk, but filing is not timely unless the clerk receives the papers within the time fixed for filing." Fed. R. App. P. 25(a)(2)(A). And Federal Rule of Appellate Procedure 26(c) allows additional time only "[w]hen a party may or must act within a specified time after service." Coal Power was required to act within sixty days after issuance of the Board's order, not after service. The appellate rules do not allow us to accept the date that the petition for review was placed in the mail as the date of filing in this court. *See Bolling v. Director, OWCP*, 823 F.2d 165, 166 (6th Cir. 1987) (per curiam).

Lastly, Coal Power argues that the time for filing should be extended pursuant to Federal Rule of Appellate Procedure 26(a)(3), which provides a method for computing time if the clerk's office is inaccessible. Coal Power concedes that the clerk's office was physically accessible on April 11, 2016, but argues that the rule should apply because it was unable to "present its filing electronically." Under Sixth Circuit Guide to Electronic Filing § 13.2, "[t]he clerk shall deem the court's website to be subject to a technical failure on a given day if the site is unable to accept filings continuously or intermittently" during a designed time period. The clerk did not deem the court's website to be subject to a technical failure on April 11, 2016. Thus, there is no basis for extending the appeal time.

Accordingly, the petition for review is dismissed *sua sponte* as untimely.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk